IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GALE EREKSON, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>CLARKSON & HALE, LLC,<br><br>   Defendant. | C/A No. 3:18-cv-0032-CMC<br><br><br>Opinion and Order<br>on Motion to Dismiss<br><br>(ECF No. 38) |

Through this action, Plaintiff Gale Erekson ("Erekson") seeks recovery from Clarkson & Hale, LLC ("Clarkson") for actions taken in attempting to collect two debts. Erekson's claims are pursued under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The action is pleaded as a putative class action.

The matter is before the court on Clarkson's motion to dismiss the First Amended Complaint ("Amended Complaint"). For reasons set forth below, the motion is granted in part and denied in part.

**PROCEDURAL BACKGROUND**

**Original Complaint.** Erekson filed this action on January 4, 2018. ECF No. 1 ("Original Complaint"). The Original Complaint asserted a single claim for violation of 15 U.S.C. § 1692g ("Section 1692g") based on Clarkson's inclusion of the following sentence in two letters mailed to Erekson on or about July 24, 2017: "That you have thirty days to notify this office of a dispute as to the validity of all or any portion of the debt may not prevent this office from filing a lawsuit within that time." *See* ECF Nos. 1 ¶¶ 28, 34, 1-1, 1-2. The letters were part of Clarkson's effort to collect debts owed to creditor Midland Funding, LLC on credit cards identified as the "Sam's

Club Debt" and the "QCard Debt."  ECF Nos. 1 ¶ 23-25, 30, 31, 1-1, 1-2.  Erekson alleges she is a "consumer" and Clarkson is a "debt collector" as defined by 15 U.S.C. §§ 1692a(3), (6).  ECF No. 1 ¶¶ 17, 21.

Erekson alleged the challenged language violated Section 1692g(b) because it "overshadowed" Clarkson's otherwise proper disclosure of Erekson's statutory rights to challenge the debt, seek additional information, or both during the thirty days following receipt of notification of these rights.  ECF No. 1 ¶¶ 38, 63-71.[1]  While she acknowledged a "debt collector may legally initiate legal action before the expiration of the 30-day [Validation P]eriod," Erekson asserted a threat to initiate litigation during this period overshadows an otherwise proper disclosure of the consumer's rights *unless* the debt collector includes language "explain[ing] that the consumer may take advantage of his or her rights under § 1692g, notwithstanding the threat" of litigation.  *Id.* ¶ 67-69.  Erekson relied on *Bartlett v. Heibl,* 128 F.3d 497, 502 (7th Cir. 1997) in support of this position.  *Id.* ¶ 69.[2]

---

[1]  Section 1692g(a) requires a debt collector to send a written notice to the consumer within five days of the debt collector's initial contact, providing specified information about the debt and informing the consumer of his or her right to dispute the validity of the debt, request the name and address of the original creditor, or both within thirty days of receipt of the notice.  15 U.S.C. § 1692g(a).  For ease of reference, the court refers to the required disclosures as the "Required Disclosures" and the thirty-day period to dispute validity of the debt or request information about the original creditor as the "Validation Period."  While the debt collector is not prohibited from pursuing collection during the Validation Period, "[a]ny collection activities and communications during [this] period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

[2]  *Bartlett* held a letter that provided the Required Disclosures but also stated the consumer would be sued if he did not make payment within one week of the date of the letter violated Section 1692g(b) because the "juxtaposition of the one-week and thirty-day crucial periods [turned] the required disclosure into legal gibberish" and "was as bad as an outright contradiction."  *Bartlett*,

2

**Motion to Dismiss Original Complaint.** Clarkson moved to dismiss the Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 17. Relying on cases holding a consumer's right to dispute or seek validation of a debt coexists with the debt collector's right to pursue collection during the Validation Period, Clarkson argued the challenged sentence does not support a claim for overshadowing. *Id.* at 8-10; *see also id.* at 6 (citing *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 416 (7th Cir. 2005) for proposition "during the validation period, the [consumer's] right to dispute coexists with the debt collector's right to collect[,]" including the right to initiate "an appropriate lawsuit").[3]

**Erekson's Response.** Erekson responded with both a motion to amend her complaint and a memorandum in opposition to dismissal. ECF Nos. 20, 21. In her opposition memorandum, Erekson relied on *Bartlett* in arguing the single sentence challenged in the Original Complaint overshadowed Clarkson's otherwise proper disclosures of her rights during the Validation Period. ECF No. 21 at 6, 7. Erekson asserted three cases within the Fourth Circuit "have relied on *Bartlett*

---

128 F.3d at 501. The court offered safe-harbor language a debt collector could use to explain the interplay between the rights of the consumer and those of the debt collector during the Validation Period. *Id.* at 502.

[3] In *Durkin*, the debt collector included *Bartlett*'s proposed safe-harbor language in its initial written communication but did not repeat it in later communications that included demands for payment. The court held such repetition was not required. *Durkin*, 406 F.3d. at 416 ("not every follow-up letter demanding payment during the validation period overshadows or contradicts a validation notice; thus, not every follow-up letter sent during the validation period must automatically reiterate the safe-harbor validation notice, refer back to that notice, or remind debtors about the validation period and the time remaining in that period. Therefore, the mere absence of any such reiterations and reminders in the follow-up collection letters does not alone generate an unacceptable level of confusion so as to warrant summary judgment for the plaintiffs. Rather, the matter turns on whether the specific text contains any impermissible overshadowing or contradiction with respect to the validation notice.").

in finding that a debt collector's threat of litigation or demand for payment within an initial collection notice can violate § 1692g(b)." *Id.* at 7 (citing *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 820-21 (M.D.N.C. 2011); *Glen v. Law Office of W.C. French*, No. CIV. ELH-11-927, 2012 WL 181496, at *3 (D. Md. Jan 19 2012), *report and recommendation adopted,* No. CIV.A. ELH-11-00927, 2012 WL 425870 (D. Md. Feb. 8, 2012); *Turner v. Shenandoah Legal Grp., P.C.*, No. 3:06CV045, 2006 WL 1685698, at *6 (E.D. Va. June 12, 2006)).

Erekson's motion to amend sought to add factual allegations in support of both the existing overshadowing claim (alleging violation of Section 1692g(b)) and a second cause of action for violation of 15 U.S.C. § 1692e ("Section 1692e"), which prohibits use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  The added factual allegations relate to a telephone conversation Erekson initiated in response to the July 24, 2107 letters and multiple subsequent written communications from Clarkson.  According to Erekson, she agreed to pay $10 per month on each of the two debts for a period of six months during the telephone conversation.  ECF No. 20-1 ¶¶ 36-56.  Clarkson, thereafter, sent written communications that significantly misstated what Erekson agreed to and repeatedly encouraged her to take action within the Validation Period that would have waived her rights as stated in the Required Disclosures. *Id.* ¶¶ 97, 100-03; *see also infra* "Statement of Facts."

**Clarkson's Reply and Opposition to Amendment.**  In its reply in support of dismissal, Clarkson argued *Bartlett*'s requirement for safe-harbor language "has not been adopted by the Fourth Circuit."  ECF No. 23 at 1.  It also challenged Erekson's assertion district courts within the Fourth Circuit have relied on *Bartlett* to find a threat of litigation within the Validation Period may, alone, support an overshadowing claim.  It noted the three within-circuit decisions cited by

Erekson each *demanded action* within the Validation Period.  *Id.* at 4-6.[4]  Clarkson also relied on

*McCormick v. Wells Fargo Bank*, 640 F. Supp. 2d 795, 800 (S.D.W.Va. 2009), as an in-circuit

decision rejecting *Bartlett*'s requirement a debt collector include the proposed safe-harbor

language if it refers to its right to initiate litigation during the Validation Period.  *Id.* at 2-3.

Clarkson separately opposed Erekson's motion to amend as futile.  ECF No. 24.  Clarkson

argued Erekson's allegations regarding the letters dated on and after July 31, 2017, and their

attachments, did not cure the deficiencies in Erekson's original overshadowing claim (Section

1692g(b)) because, to state such a claim, Erekson must show "both a demand for payment or threat

of litigation **and** an unduly confusing obligation on behalf of the Plaintiff."  ECF No. 24 at 4

(emphasis in original).  Clarkson argued there was no confusing obligation because, rather than

demanding payment within the Validation Period, the letters only requested Erekson sign and

return documents and did not threaten litigation.  *Id.* at 5-7.

Clarkson argued the added claim under Section 1692e for use of a false, deceptive, or

misleading representation  or means to collect a debt failed as a matter of law because it relied on

allegations Clarkson "incorrectly described" the agreement reached in a telephone call and could

not "be shoehorned into any category listed in § 1692e."  *Id.* at 9 (arguing, if the statement of the

agreement was incorrect, Erekson could either have declined to sign the attached documents or

---

[4]  As Clarkson notes, *Garcia-Contreras* acknowledged the debt collector "carefully avoid[ed] using the phrase 'immediately' to expressly modify 'payment,'" but held the letter as a whole "can reasonably be interpreted by the least sophisticated consumer as a demand for immediate payment[,]" which would fall within the the thirty-day Validation Period, thus creating confusion as to when the consumer must act.  *Id.* at 3, n.1.  Similarly, Clarkson notes the courts in *Glen* and *Turner* found the letters included confusing or conflicting time periods that might confuse the consumer as to when he or she must take action.  *Id.* at 4, n.12.

asked for correction). Clarkson asserted there was an absence of precedent for any similar claim, which it characterized as a claim based on an "incorrect recollection of a conversation." *Id.* Clarkson also argued the letters did not, read in full, suggest litigation had been commenced. *Id.* at 10.

**Erekson's Reply.** In her reply in support of amendment, Erekson noted the proposed added allegations address multiple communications following Erekson's receipt of the two July 24, 2017 letters, including her telephonic agreement to make six $10 payments on each of the debts, which she alleges Clarkson repeatedly misrepresented in subsequent written communications. ECF No. 25 at 3. Among other things, those communications falsely suggest Erekson agreed to sign a Confession of Judgment and direct Erekson to take action within the Validation Period that would waive her statutory rights. *Id.* In addition, the subject line on the letters and captions on attachments give the false impression litigation may already have been instituted, violating Section 1692e.

**Order on Motions to Dismiss and Amend.** Following this briefing, the court entered the following docket text order:

> TEXT ORDER: Having fully considered Defendant's motion to dismiss and Plaintiff's motion to amend, the court finds the proposed amended complaint includes significant allegations of additional communications that may (1) cure alleged deficiencies in Plaintiff's original cause of action for violation of 15 U.S.C. Section 1692g, (2) support an additional claim for violation of Section 1692e, or (3) both. Without ruling on the viability of either claim, the court grants the motion to amend and, consequently, finds the motion to dismiss moot. Within seven days of entry of this order, Plaintiff shall file her amended complaint, attaching all referenced letters and related documents and including specific allegations as to any oral or written communications on which she relies for her claims. The proposed amended complaint shall be modified only to the extent allowed by this order. This ruling is without prejudice to Defendant's right to raise arguments corresponding to those made in its motion to dismiss and in opposition to the motion to amend in a future motion to dismiss or for summary judgment.

ECF No. 26 (entered April 10, 2018).

**Amended Complaint.** Consistent with the instructions in this order, Erekson filed her Amended Complaint on April 16, 2018, attaching referenced written communications and summarizing oral communications. ECF No. 29. The Amended Complaint seeks certification of a "Template" class consisting of persons with South Carolina addresses to whom Clarkson sent a letter based on the same form or template used for the two letters Clarkson directed to Erekson dated July 24, 2017. *Id.* ¶¶ 62-64, 68. It also seeks certification of a "Confession Templates Subclass" consisting of persons with South Carolina addresses to whom Clarkson sent one or more letters based upon the same forms or templates used for multiple letters Clarkson directed to Erekson dated July 31, 2017, August 10, 2017, August 16, 2017, and August 21, 2017. *Id.* ¶¶ 65-68. *See infra* "Statement of Facts."

**Motion to Dismiss Amended Complaint.** Clarkson answered and later moved to dismiss the Amended Complaint on July 11, 2018. ECF Nos. 31, 38. Clarkson's arguments are similar to those made in support of its motion to dismiss the Original Complaint and opposition to Erekson's motion to amend. Erekson filed a response on August 8, 2017, opposing the motion with arguments similar to those made in her prior memoranda. ECF No. 42. No further memoranda were filed. The parties' arguments for and against dismissal are set out in the discussion section of this order.

## STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain the plaintiff cannot prove any set of facts in support of her claims that entitle her to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the

light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, 521 F.3d at 302).

Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than mere conclusory statements in support of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court need only accept as true the complaint's factual allegations, not its legal conclusions); s*ee also McCleary-Evans v. Maryland Dept. of Trans.*, 780 F.3d 582, 587 (4th Cir. 2015) (noting *Iqbal* and *Twombly* articulated a new requirement that a complaint must allege a plausible claim for relief, thus rejecting a standard that would allow a complaint to survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some set of [undisclosed] facts to support recovery." (emphasis and alteration in original, internal quotation marks omitted)); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278 (4th Cir. 2012) for proposition plaintiff need not forecast evidence sufficient to prove the elements of a claim, but must allege sufficient facts to establish those elements).

## STATEMENT OF FACTS

In her Amended Complaint, the allegations of which are accepted as true for purposes of this order, Erekson alleges Clarkson sent her two letters dated July 24, 2017, one relating to the Sam's Club Debt and one relating to the QCard Debt.  ECF No. 29 ¶¶ 24, 25.[5]  The letters reflect "Clarkson's law firm letterhead" and are signed by an attorney.  *Id.* ¶ 26, 27, 32, 33, Exs. A, B (ECF Nos. 29-1, 29-2).

Both letters include a section headed "**NOTICE OF IMPORTANT RIGHTS**."  The first paragraph following this heading advises Erekson of her statutory rights including that she has thirty days after receipt of the notice to dispute the validity of the debt or seek the identity of the original creditor.[6]  The next sentence in both letters reads as follows:  "That you have thirty days to notify this office of a dispute as to the validity of all or any portion of the debt may not prevent this office from filing a lawsuit within that time."  ECF No. 29 ¶¶ 28, 34.  The letters "did not explain how Clarkson's threat of filing a lawsuit . . . within the dispute period comported with Ms. Erekson's right to dispute the debt."  *Id.* ¶¶ 29, 35.

Erekson contacted Clarkson by telephone on or before July 31, 2017.  She informed Clarkson "she could afford to make $10.00 monthly payments toward both [debts] for a period of six months."  *Id.* ¶ 36.  Clarkson's representative "stated [Clarkson] would accept this arrangement."  *Id.* ¶ 37.

---

[5]  The various letters referenced in the Amended Complaint are attached thereto.  The authenticity of the attachments is not disputed, at least for purposes of the motion to dismiss.

[6]  Erekson does not challenge the sufficiency of this paragraph to satisfy Section 1692g(a).  Her challenge relates to the additional language that follows.

Clarkson mailed Erekson two letters dated July 31, 2017, each with the subject line "MIDLAND FUNDING LLC – vs – GALE EREKSON." *Id.* ¶¶ 38-40, Ex. C. The letters referred to and attached two copies of separate Confessions of Judgment and Settlement Agreements for the two debts and instructed Erekson to "review these documents, sign them, then have them **witnessed** and **notarized**." ECF No. 29 ¶ 41, Ex. C. "Upon completion" of these tasks, Erekson was instructed to return one set and keep the other. The letter continued "[a]s agreed the Confession will be held in our file unless you default on your monthly payments." *Id.* In emphasized type, the letter stated "**PLEASE NOTE THE SIGNED DOCUMENT WILL NEED TO BE RETURNED TO OUR OFFICE WITHIN 10 DAYS OF THE DATE OF THIS LETTER.**" *Id.*

Erekson alleges the letters misrepresented what she had agreed to do in two significant respects: (1) there was no mention of a confession of judgment in the telephone conversation; and (2) she agreed only to make payments for six months, not to continue making payments at the rate of $10 per month until the debts were paid in full. *Id.* ¶¶ 36, 43, Ex. C at 3, 12 (ECF No. 29-3).

The Settlement Agreements for the two debts were worded identically other than as to the amount of the debt. Both included the following captions:

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | |
| | ) | |
| MIDLAND FUNDING LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | SETTLEMENT AGREEMENT |
| | ) | |
| GALE EREKSON, | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

Like the caption, the text identified Erekson as "Defendant" and the creditor, Midland Funding LLC, as "Plaintiff." Both Settlement Agreements included three subparagraphs. The first read as follows: "(a) Defendant hereby releases any and all claims and/or liabilities against Plaintiff, both known and unknown, related to the account at issue." ECF No. 29-3 at 3, 12. The second subparagraph agreed to pay the creditor the full amount of the debt ($4,770.21 for one debt and $2,114.50 for the other) "by making monthly payments of $10.00. These payments are to begin on August 15, 2017 and are due . . . on or before the 15th day of each successive month until the debt is paid[.]" *Id.* ¶ (b) (providing Clarkson's address for payments). The third subparagraph agreed Erekson would "sign a Confession of Judgment" for the full amount of the debt plus "costs and disbursements of this action in the sum of $10.00." *Id.* ¶ (b). It also stated the Confession of Judgment "may be filed for record with the Clerk of Court" if Erekson failed to comply with the payment terms in the preceding subparagraph, with credit given for any payments made. *Id.* ¶ (c).

The captions on the Confessions of Judgment were similar to those on the Settlement Agreements, changing the title of the document to "Confession of Judgment" and adding reference to the "Fifth Judicial Circuit." While the Settlement Agreements indicated the Confessions of Judgment would only be filed if Plaintiff failed to make the required payments, the Confessions of Judgment themselves stated Erekson authorized "Plaintiff to file this Confession of Judgment for record with the Clerk of Court's Office for RICHLAND County." *E.g.* ECF No. 29-3 at 18.

Erekson alleges the July 31, 2017 letters and their attachments were false, deceptive, and misleading both because they misrepresented what Erekson agreed to do and because the subject line and captions on attachments would have led "the least sophisticated consumer . . . to believe that a lawsuit had been initiated" when, in fact, no litigation had commenced. ECF No. 29 ¶¶ 44-47. She alleges they also overshadowed the disclosures required by Section 1692g(a) because the

"least sophisticated consumer would not understand—or be distracted from the fact—that he or she still maintained the right to dispute the debt within the 30-day period established by receipt of the July 24, 2017 letters." *Id.* ¶ 48.

Clarkson sent several follow up letters. The first, sent on August 10, 2017, related to the Sam's Club Debt and, like the July 31, 2017 letters, referred to "MIDLAND FUNDING LLC – vs – GALE EREKSON" in the subject line. ECF No. 29 ¶¶ 49-51; ECF No. 29-4. The body read as follows:

> Pursuant to your request, our office recently sent you a Settlement Agreement and Confession of Judgment to document monthly payment arrangements for the above referenced matter. As of the date of this letter, our office has not received these documents back from you.
>
> Please be advised that if the Settlement Agreement and Confession of Judgment are not properly completed and returned to our office within ten (10) days from the date of this letter, your payment plan may be deleted. Additionally, if a law suit has been filed against you, the legal proceedings will continue until the documents are properly completed and returned.
>
> Please call the undersigned promptly upon receipt of this letter to confirm the completion and return of the requested documents.

ECF No. 29-4. The letter was on law firm stationary and signed by a "Legal Assistant III." *Id.*

On August 16, 2017, the same legal assistant sent a nearly identical letter relating to the QCard Debt. The only difference was the identification of the debt.

On August 21, 2017, the same legal assistant sent a different follow up letter relating to the Sam's Club Debt. As with the earlier letters, the subject line of this letter referred to "MIDLAND FUNDING LLC -vs- GALE EREKSON." It referred to the earlier telephone conversation, enclosed two copies of the Confession of Judgment and Settlement Agreement for the Sam's Club Debt, and stated Erekson should "[p]lease review these documents, sign them, then have them **witnessed** and **notoraized**[,]" and then return one set. As before, the letter included the follow

bold instruction: "**PLEASE NOTE THE SIGNED DOCUMENTS WILL NEED TO BE RETURNED TO OUR OFFICE WITHIN 10 DAYS OF THE DATE OF THIS LETTER**" and advised Erekson she should "feel free to contact our office" if she had any questions. ECF No. 29-6. The same Settlement Agreement and Confession of Judgment as previously provided for this debt were attached.[7]

## DISCUSSION

### I.    Overshadowing Claim (Section 1692g(b))

**Clarkson's Argument.**  Clarkson argues neither the single challenged sentence in the July 24, 2017 letters nor any content of or attachment to the additional letters sent between July 31, 2017, and August 21, 2017, contradict or overshadow Clarkson's otherwise proper disclosure of Erekson's rights to seek validation of or challenge the subject debts.  Clarkson asserts the challenged language in the July 24, 2017 letter, "[t]hat you have thirty days to notify this office of a dispute . . . may not prevent this office from filing a lawsuit within that time[,]" cannot support an overshadowing claim because it does not demand immediate action or impose any other obligation on Erekson within the Validation Period.  ECF No. 39 at 7 (addressing *Durkin*, 406 F.3d at 416).[8]  Neither is it presented in any way that visually overshadows the Required

_____

[7]  Given their instructions to take action within ten days of the dates of the letters, at least the July 31, 2017, and August 10, 2017 letters sought action within the thirty-day Validation Period that followed Erekson's receipt of the letter dated July 24, 2017.  This is likely also true for the August 16, 2017 letter, assuming a typical delivery time for the July 24, 2017 letter.  In contrast, the deadline stated in the August 21, 2017 letter almost certainly fell outside the Validation Period.

[8]  In addition to the in-circuit decisions addressed in prior memoranda (*see supra* n. 4) addressing *Garcia-Contreras*, *Glen*, and *Turner*), Clarkson relies on the following decisions:  (1) *Wilson v. Quadramed Corp.*, 225 F.3d 350, n. 6 (3d Cir. 2000) (holding instruction to pay debt to avoid further action did not support overshadowing claim because it did not convey a sense of urgency

Disclosures, such as by use of more prominent print. Clarkson further argues omitting the statement could be confusing because it would fail to alert the consumer to the debt collector's right to continue collection efforts during the Validation Period. Thus, Clarkson maintains the challenged language in the July 24, 2017 letter would not confuse or mislead the least sophisticated consumer. *See infra* "Least Sophisticated Consumer Standard."

Clarkson argues the subsequent letters also cannot support an overshadowing claim. Relying on *Durkin*, it argues follow-up letters during the Validation Period do not automatically overshadow earlier Required Disclosures simply because they do not repeat that notice. "Rather, [whether they overshadow] turns on whether the specific text contains any impermissible overshadowing or contradiction with respect to the [Required Disclosures]." *Durkin*, 406 F.3d at 416. Clarkson asserts *Bartlett* supports a finding of overshadowing only where the subsequent letters "contain both a demand for payment or threat of litigation **and** an unduly confusing obligation on behalf of the plaintiff." ECF No. 39 at 12 (citing *Bartlet*, 128 F.3d at 500). It further argues "District Courts within the Fourth Circuit have only found overshadowing where the letters could be interpreted to include a demand for immediate payment or payment before the thirty day

---

or threat of specific action such as would a threat of immediate litigation or credit bureau report); (2) *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998) ("[F]or a collection letter to threaten legal action . . . , it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made."); and (3) *Fisher v. Bernhardt and Strawser, PA*, 2013 WL 3990744 (W.D.N.C., Aug 2, 2013). *Fisher* relied on *Jenkins* in holding a letter that reminded the consumer "fees may increase if she does not pay and the creditor decides to pursue legal action in the future" was a mere prudential reminder of possible consequences, couched in permissive language, and, consequently, not enough to support a claim for "overshadowing or confusing threat of legal action." *Fisher*, Slip. Op. at 7 (citing *Jenkins* in stating courts "have interpreted the warning against litigious language to forbid only the threat of *imminent* or *pending* legal action, not the *possibility* of legal action" (emphasis in original)).

period or a threat of litigation and . . . contained contradictory time periods that could confuse the consumer." *Id.* at 13 (citing, *e.g.*, *McCormick*, 640 F. Supp. 2d at 799, 800 (explaining prior Fourth Circuit decisions "hinged on the contradiction between the 30-day validation period in the statute and the call for some type of 'immediate' or earlier payment in the dunning letters.")). Clarkson acknowledges the letters requested return of the signed Settlement Agreements and Confessions of Judgment within the Validation Period, but asserts Erekson was free to decline that request without consequence. *Id.* at 14 ("No consequence whatsoever was relayed in the letter for failure to sign the documents. No payment was demanded in the letters whatsoever, let alone within the 30 day validation period."). Clarkson also maintains the letters contain no threat of litigation, arguing neither the subject line ("Midland Funding, LLC –vs – Gale Erekson") nor caption on the Settlement Agreements and Confessions of Judgment constituted either a threat of litigation or an indication litigation had been commenced.

**Erekson's Response.** In response, Erekson argues Clarkson violated Section 1692g "in its very first communication" by stating "*[t]hat you have* thirty days to notify this office of a dispute as to the validity of all or any portion of the debt *may not prevent this office from filing a lawsuit within that time*." ECF No. 42 at 11 (quoting ECF Nos. 29-1, 29-1) (emphasis in ECF No. 42). Erekson asserts this language, and the fact the letter was on law firm letterhead and signed by an attorney "appears aimed at drawing attention *away* from the § 1692 disclosures and *towards* the possibility of being sued[.]" *Id.* at 12 (emphasis in original).

Addressing Clarkson's subsequent letters (dated after Erekson's telephone conversation with Clarkson) and attached Settlement Agreements and Confessions of Judgment, Erekson argues the sheer volume of these documents makes it "hard to imagine that a consumer . . . *would* recall having received the § 1692g disclosures in the July 24, 2017 letters." ECF No. 42 at 12. She also

argues the content of these documents overshadows the Required Disclosures because most of the letters demanded action, specifically return of signed and notarized copies of the Settlement Agreements and Confessions of Judgment, before the end of the thirty-day Validation Period.  ECF No. 42 at 13 (referring to instructions in the July 31, 2017, August 10, 2017, and August 16, 2017 letters).

Erekson also argues the July 31, 2017 and later letters contradict and overshadow the Required Disclosures because they imply litigation either had already commenced or was imminent, which might dissuade the least sophisticated consumer from exercising her rights as explained in the Required Disclosures.  *Id.* at 14.  This argument rests on the captions found on the Settlement Agreements and Confessions of Judgment and the use of the following subject line: "Re:  MIDLAND FUNDING LLC-vs- GALE EREKSON."

**Section 1692g.**  Section 1692g(a) of the FDCPA requires debt collectors provide consumers specified written disclosures within five days of their initial communication.  15 U.S.C. § 1692g(a).  These Required Disclosures include (1) the consumer's right to dispute the debt within thirty days from receipt of the written disclosures and (2) the debt collector's obligation, if it receives written notice of such dispute, to obtain and provide written validation of the debt to the consumer.  *Id.*

The debt collector may continue collection efforts during the Validation Period, subject to certain limitations including that such efforts may not be inconsistent with or overshadow the Required Disclosures.  *See* 15 U.S.C. § 1692g(b).  This section reads in full as follows:

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt

collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. *Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

15 U.S.C. § 1692g(b) (emphasis added).

A debt collector's communication with the consumer violates Section 1692g(b) by contradiction or overshadowing if it contains language that would mislead or confuse a consumer as to his right to dispute the debt. *See Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482 (4th Cir. 1991) (holding emphasized language on front of form demanding "IMMEDIATE FULL PAYMENT" and directing consumer to "PHONE US TODAY" and to act "NOW" contradicted and overshadowed notice printed in gray ink on reverse of form); *see also Durkin*, 406 F.3d at 417; *Bartlett*, 128 F.3d at 500-01; *McCormick*, 640 F. Supp. 2d at 798. This may, for example, occur if a debt collector demands payment before expiration of the Validation Period or if the format emphasizes the duty to make payment and obscures the consumer's right to dispute the payment within the Validation Period. *E.g., Miller*, 943 F.2d at 484 (addressing concerns both with content and format).[9]

**Least Sophisticated Consumer Standard.** The Fourth Circuit applies the "least sophisticated consumer" standard in determining whether a communication overshadows

---

[9] Erekson's overshadowing claim focuses on content, not formatting.

notification of a consumer's rights or otherwise violates the FDCPA.  *See United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135-36 (4th Cir. 1996) (adopting majority rule).  "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."  *Id.* at 136 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir.1993)).  Given the objective nature of the standard, whether an alleged written communication overshadows otherwise proper disclosures is generally resolved as a matter of law by the court.  *E.g.*, *McCormick*, 640 F. Supp. 2d at 798 (noting Fourth Circuit had not directly addressed the question but "the majority of circuits which have ruled on [whether the contradiction/overshadowing question is a question of law or fact] view it as a question of law").

**Standard Applied to July 24, 2017 Letters.**  Erekson alleges the following language in the July 24, 2017 letters overshadows the otherwise-proper disclosure of her rights:  "That you have thirty days to notify this office of a dispute as to the validity of all or any portion of the debt may not prevent this office from filing a lawsuit within that time."  ECF No. 29 ¶¶ 28, 34.  Applying the least sophisticated consumer standard, the court finds this language does not contradict or overshadow the Required Disclosures.  Certainly, there is no visual overshadowing as the type used for the Required Disclosures and the challenged reference to the possibility of litigation are the same in style, size, color and background.  They are also located in immediately adjacent paragraphs (the Required Disclosures immediately preceding the challenged language).  The challenged language is also closely followed by an invitation for the consumer or her attorney to "contact this office with any further questions concerning this matter."  The next sentence states "*If you are not disputing any or all of the debt* please remit a check," followed by further instructions.  ECF Nos. 29-1 at 2 (emphasis added), 29-2 at 2 (emphasis added).

In sum, the letter both provides the Required Disclosures and alerts the consumer to the possibility litigation may be instituted within the Validation Period, giving equal weight to both. The reference to the possibility of litigation states a right of the debt collector allowed by Section 1692g(b). While the letter allows further communication and invites payment if the debt is not disputed, it expresses no deadline for action. Thus, the letter does not suggest potentially competing deadlines as was the case in *Bartlett* and the district court decisions from within the Fourth Circuit on which Erekson relies. *See supra* at 5, n. 4. Thus, read with a "quotient of reasonableness and . . . basic level of understanding and willingness to read with care," the sole reference to possible litigation in this brief letter would not overshadow the Required Disclosures.

Erekson's Section 1692g(b) claim, in effect, depends on this court finding overshadowing or contradiction whenever a debt collector mentions the possibility of litigation during the Validation Period without including something along the lines of the safe-harbor language proposed in *Bartlett*, 128 F.3d 497. While *Bartlett* suggests safe-harbor language (effective within the Seventh Circuit), it does not find failure to include the language necessarily supports a claim for overshadowing where the possibility of litigation is mentioned. *Id.* at 500. This is because the letter at issue in *Bartlett* required immediate action by stating "if you wish to resolve this matter before legal action is commenced, *you must do one of two things within one week of the date of this letter*." *Bartlett*, 128 F.3d at 499 (emphasis added). *Bartlett* found this demand contradicted the statement of the consumer's rights during the thirty-day Validation Period. There are no such contradictory instructions or demands in the July 24, 2017 letter. In any event, this court is persuaded by the rationale in *McCormick* that requiring safe-harbor language such as that adopted in *Bartlett* "would be writing words into the statute" and, consequently, is beyond the court's authority. *McCormick*, 640 F. Supp. 2d at 800. This is particularly true where, as here, the letter

as a whole does not suggest the consumer *must* take any action prior to expiration of the Validation Period.

For these reasons, the court finds the inclusion of the challenged language in the July 24, 2017 letters neither contradicted nor overshadowed the Required Disclosures. Accordingly, Erekson's first cause of action is dismissed to the extent based on those letters.

**Standard Applied to Subsequent Letters.** The subsequent letters lead to a different result, at least to the extent they direct Erekson to take action within the thirty-day Validation Period, which is true as to most of the subsequent letters. This is because, had Erekson followed the instructions in the letters, she would have waived her statutory rights to challenge or seek additional information relating to the debts prior to the expiration of the Validation Period. Most critically, the Settlement Agreements release "any and all claims and/or liabilities [Erekson may have against the creditor] both known and unknown related to the account at issue." *E.g.*, ECF No. 29-3 at 12 ¶ (a). They also concede the full amount of the claimed debts ($4,770.21 and $2,114.50) are owed and agree to make payments until the debts are paid in full at the rate of $10 per month beginning with a first payment on August 15, 2017 (a date within the Validation Period). *Id.* ¶ (b). Finally, they agree to entry of the attached Confessions of Judgment (subject to credit for any payments made) if Erekson fails to make all payments as required ("on or before the 15th of each successive month until the debt is paid"). Thus, whether or not the letters themselves are a demand for payment within the Validation Period, they implore Erekson to take action within the Validation Period that would result in all of the following occurring *within that period*: (1) loss of rights addressed in the Required Disclosures; (2) release of "any and all claims and/or liabilities against [the creditor] related to the account at issue"; (3) an irrevocable agreement to pay the debt in full over an extended period of time with the consequence of non-payment being

20

the entry of a Confession of Judgment; and (4) a first payment. Applying the Least Sophisticated Consumer standard, the court finds this sufficient to state a claim for contradiction or overshadowing in violation of Section 1692g(b).

This conclusion is further supported by the subject line on the various letters and the use of captions on the Settlement Agreements and Confessions of Judgment. While a person with some experience in legal matters would likely understand the use of the subject lines and captions did not signal the existence of litigation, the least sophisticated consumer might well be confused as to whether the documents indicated litigation had been commenced or was imminent. Notably, Clarkson could easily have avoided this confusion by expressly stating litigation had not been commenced. It did not address the point either way in the July 31, 2017 letters. In the August 10, 2017, and August 16, 2017 follow-up letters, Clarkson referred to the possibility litigation had already been instituted. *See* ECF Nos. 29-4, 29-5 (stating "Additionally, if a law suit has been filed against you, the legal proceedings will continue until the documents are properly completed and returned."). Thus, neither set of letters advised Erekson litigation had not been instituted while the follow-up letters suggested litigation might be pending.

For these reasons, the court finds the allegations sufficient to support a claim for violation of Section 1692g(b) to the extent such claim is based on the letters dated on and after July 31, 2017. Accordingly, the motion to dismiss is denied in part as to the first cause of action.

## II.     False and Misleading Claim (Section 1692e)

**Clarkson's Argument.** Clarkson argues the letters and attached Settlement Agreements and Confessions of Judgment sent between July 31, 2017, and August 21, 2017, do not support a claim under Section 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." ECF No. 39 at

16 (quoting Section 1692e). Clarkson characterizes Erekson's Section 1692e claim as resting on allegations of an "incorrect recollection of agreed upon payment plans." *Id.* at 17.[10] It argues such allegations "cannot even be shoehorned into any category listed in § 1692e." *Id.* at 17. Clarkson maintains that, if Erekson's recollection of the agreements differed from that set out in the attachments, she was free to contact Clarkson for clarification or revisions. *Id.* at 18 (arguing allowing a claim based on consumer's assertion "a letter from a debt collector . . . does not match her exact recollections . . . would open a Pandora's box of FDCPA litigation" because it would allow every debtor who has had a conversation with a debt collector "to sue the debt collector and cause the debt collector to incur legal costs and expenses").

Clarkson also challenges Erekson's characterization of the letters and attached documents as falsely suggesting litigation had been initiated. Clarkson notes Erekson relies on the subject line of the letters and use of captions on the Settlement Agreements and Confessions of Judgment, which it argues are not enough to mislead a consumer into believing litigation had been instituted.

Finally, Clarkson argues Erekson cannot fault Clarkson for failing to explain "'the legal ramifications of signing a confession of judgment in connection with the settlement agreement.'" *Id.* at 19 (quoting ECF No. 29 ¶ 106). Clarkson asserts it has no obligation to provide legal advice and it would be unethical for it to do so given its representation of clients with an adverse interest.

---

[10] Clarkson does not address the possibility the payment plans addressed in the Settlement Agreements were intentionally overstated, an inference that may not be required but is consistent with Erekson's allegation she only agreed to make six payments of $10 on each of the two debts, in contrast to the Settlement Agreements' provisions for payment in full over a period of over 211 months on one debt and 477 months on the other.

**Erekson's Response.**  In response, Erekson argues she has adequately alleged Clarkson's communications were false, misleading, and deceptive in various respects.  For example, the July 31, 2017 letters  (1) "falsely represented [Erekson] had agreed to sign confessions of judgment," (2) misstated Erekson's agreement, (3) included subject lines suggestive of pending litigation ("Midland Funding LLC – vs – Gale Erekson") when none had been filed, and (4) attached documents with captions and content further suggesting pending litigation and that the documents came from a court.  ECF No. 42 at 2 (asserting statement Confession of Judgment would be "held in [Clarkson's] file unless you default" could lead the least sophisticated consumer to believe a lawsuit had been filed).  Erekson points to repeated use of the same subject lines in subsequent letters.  She acknowledges the August 10, 2017, and August 16, 2017 letters stated "*if* a law suit [sic] has been filed against you, the legal proceedings will continue until the documents are properly completed and returned," but argues the conditional nature of this language does not defeat any inference that might be drawn from other indicia litigation may have commenced.  *Id.* (referring to ECF Nos. 29-4, 29-5) (emphasis in ECF No. 42).

Focusing primarily on the allegedly false representation she agreed to sign a confession of judgment, Erekson argues her allegations are sufficient to support a claim under Section 1692e. *Id.* at 5 (citing *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992) for intentional breadth of FDCPA protections).  She notes the categories listed under Section 1692e are expressly presented as examples rather than limitations.  *Id.* (noting examples are preceded by the phrase "without limiting the general application of the foregoing"). In any event, Section 1692e includes a broad catch-all provision covering "[t]he use of any false representation . . . to attempt to collect any debt").  *Id.* (citing Section 1692e(10)).  Responding to Clarkson's assertion there is no precedent supporting the specifics of her claim, Erekson cites an unpublished decision denying a motion to

dismiss a Section 1692e claim based on similar allegations. *Id.* at 6 (citing *Langley v. Northstar Location Servs., LLC*, No. CV H-16-1351, 2016 WL 4059355 (S.D. Tex. July 28, 2016) (finding allegations debt collector sent a letter falsely stating the consumer had agreed to make a payment stated claim for violation of Section 1692e).

In support of her assertion Clarkson's communications falsely suggested a lawsuit had been filed, Erekson points to a decision holding a similar letter and attached "consent judgment" violated Section 1692e. *Id.* at 9 (discussing *Johnson v. Eaton*, 873 F. Supp. 1019, 1027-28 (M.D. La. 1995) (finding letter that contained suit caption in heading and attached consent judgment with same caption, including name of court and signature line for a judge, violated Section 1692e(9) because they would lead "least sophisticated consumer" to "believe he had been sued and that these documents were issued by the court"). Erekson asserts the only distinction between the consent judgment in *Johnson* and the Confessions of Judgment here is the inclusion of a signature line for a judge in the former, which she argues is not sufficient distinction to warrant a different result under the least sophisticated consumer standard.

**Section 1692e.**

Section 1692e provides, in part, as follows:

A debt collector may not use any *false, deceptive, or misleading representation or means* in connection with the collection of any debt. *Without limiting* the general application of the foregoing, the following conduct is a violation of this section:

* * *

(9) The use or distribution of any written communication which *simulates or is falsely represented to be a document authorized, issued, or approved by any court*, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) *The use of any false representation or deceptive means to collect or attempt to collect any debt* or to obtain information concerning a consumer.

24

15 U.S.C. § 1692e (emphasis added)

**Discussion.** As with Erekson's overshadowing claim, the court applies the least sophisticated consumer standard in determining whether Erekson has stated a claim under Section 1692e. Applying this standard, the court finds Erekson has stated a claim at least to the extent she alleges Clarkson intentionally misrepresented the agreement reached during the telephone conversation and attempted to bind Erekson to the mischaracterized agreement.

As noted above, Erekson alleges she initiated a telephone call to Clarkson following receipt of the July 24, 2017 letters, which invited such communication. During this call, Erekson agreed to make six payments of $10 each on two debts. She did not agree to sign a Confession of Judgment or make payments beyond the first six payments.[11] Clarkson sent Erekson two letters dated July 31, 2017, with attached Settlement Agreements and Confessions of Judgment purporting to reflect agreements reached during the telephone conversation. The attached Settlement Agreements waived any claim against the creditor relating to the debt, agreed to make payments of $10 per month on each of the debts *until they were paid in full*, and agreed to entry of a Confession of Judgment (subject to credit for any payments made) if Erekson did not make the payments as agreed. Given the amount of the debts, such payments would have continued for roughly 211 months on one debt and 477 months in the other. The Confessions of Judgment

---

[11] To the extent this claim depends on what was said during the telephone conversation, it turns on evidence beyond the documents attached to the complaint and, consequently, raises issues not proper for resolution under Rule 12(b)(6). Erekson refers to the existence of a recording of the conversation, which may resolve any factual dispute as to what was said.

conceded liability for the full amount of each debt and stated Erekson authorized the creditor to file them "for record with the Clerk of Court's Office for Richland County."

Thus, the Amended Complaint alleges the July 31, 2017 letters and attachments substantially misstated the agreement reached during a telephone conversation, suggesting Erekson had agreed to these terms. The cover letter requested action within ten days. While it did not state any adverse action would be taken if Erekson declined to return the documents, neither did it suggest she could decline to sign and return the documents without consequence or should call if the attachments did not properly state the agreement. Following the course of action requested in the letters would have waived any right Erekson had to dispute the debt and committed her to a course of action far greater than anything she had agreed to do. Viewed from the perspective of the least sophisticated consumer, the court finds the disconnect between what Erekson alleges was discussed in the telephone conversation and the July 31, 2017 letters and attachments sufficient to state a claim Clarkson used false, deceptive, or misleading representations or means to collect a debt. Whether or not this "shoehorns" into an enumerated example, it falls within the generally proscribed conduct and catch-all of Section 1692e(10).

The potential for violation of Section 1692e is further supported by the potentially misleading use of subject lines on letters and captions on attachments. Whether or not this use falls precisely within what is prohibited by Section 1692e(9), it raises similar concerns as it might mislead the least sophisticated consumer to believe litigation was imminent or had been initiated or the documents were issued by a court. At this stage, the court finds the combination of actions and this usage sufficient to state a claim.

## CONCLUSION

For the reasons set forth above, Clarkson's motion to dismiss is granted to the extent Erekson's first cause of action is founded on the July 24, 2017 letters. It is denied in all other respects.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 5, 2018